UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LIONEL GIBSON,

    Plaintiff,

    v.       CAUSE NO. 2:22-CV-154-PPS-APR

KATHLEEN SULLIVAN, and JUDITH MASSA,

    Defendants.

OPINION AND ORDER

Lionel Gibson, a prisoner without a lawyer, filed a complaint seeking monetary damages and injunctive relief from Magistrate Judge Kathleen Sullivan and Deputy Prosecuting Attorney Judith Massa based on their involvement with motions he filed in the Lake Superior Court. [DE 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gibson alleges his June 23, 2020, letter to State Court Judge Boswell was construed as a motion for modification of sentence. [DE 1, ¶ 27.] He alleges Deputy Prosecutor Judith Massa objected to the motion and then it was denied. *Id*. "[I]n

initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). Deputy Prosecutor Massa has prosecutorial immunity for her objection to Gibson's motion.

Gibson alleges his July 15, 2020, motion to correct erroneous sentence was denied for procedural reasons by Magistrate Judge Kathleen A. Sullivan. [DE 1, ¶ 29.] He alleges Judge Sullivan also ordered the clerk to not docket future motions to correct an erroneous sentence. [*Id.*; *see also* DE 1-1 at 12.] He alleges Magistrate Judge Sullivan denied several more motions on August 20, 2020. [DE 1, ¶ 36; *see also* DE 1-1 at 3 (order dated August 21, 2020).] "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was *in excess of his authority*; rather, he will be subject to liability only when he has acted *in the clear absence of all jurisdiction*." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (emphasis added) (quotation marks and citation omitted). It appears Gibson may be arguing Magistrate Judge Sullivan exceeded her authority as a Magistrate Judge when she ruled on his motions and ordered the clerk to not accept his future filings. However, that does not deprive her of judicial immunity, because ruling on motions filed in the Lake Superior Court is within her jurisdiction as a Lake County Magistrate Judge.

This explains why Gibson cannot obtain monetary damages from either defendant. But he also seeks injunctive relief requiring the Lake Superior Court to accept his motions and allow him to challenge his conviction and sentence. These questions have already been resolved against him in State court. Under the *Rooker-Feldman* doctrine, "the lower federal courts lack jurisdiction to review the decisions of state courts in civil cases." *Gilbert v. Ill. St. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). "The *Rooker-Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. Thus, Gibson cannot obtain injunctive relief, either.

To the extent Gibson is attempting to obtain release from custody, he cannot do so in this action, because his sole federal remedy is habeas corpus. 28 U.S.C. § 2241; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his confinement, and such relief cannot be pursued under 42 U.S.C. § 1983).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on this 14th day of June, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT