UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LIONEL GIBSON,

    Plaintiff,

    v.

KATHLEEN SULLIVAN, and JUDITH MASSA,

    Defendants.

CAUSE NO. 2:22-CV-154-PPS-APR

OPINION AND ORDER

Lionel Gibson, a prisoner without a lawyer, filed a motion pursuant to Federal Rule of Civil Procedure 59(e). [DE 6.] "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Gibson presents six arguments, but none of them warrant altering or amending the judgment.

First, "Plaintiff is not seeking any monetary damages, he only seeks injunctive relief." [DE 6 at 1.] This is not true. In his complaint, he sought "Emotional Distress Compensation in the amount to be determined by jury [and] Compensatory Damages and Punitive Damages in an amount to be determined by Jury." [DE 1 at ¶¶ 71–72.] The screening order properly dismissed the monetary damages claims based on judicial and prosecutorial immunity. [DE 4.]

Second, "Immunity claims only bars recovery of monetary damages not injunctive relief." [DE 6 at 2.] Gibson brought injunctive relief claims, but they were not dismissed based on either judicial or prosecutorial immunity. [*See* DE 4.] They were dismissed pursuant to the *Rooker-Feldman* doctrine because he was asking for an order overturning an adverse ruling by the State trial court. "[T]he lower federal courts lack jurisdiction to review the decisions of state courts in civil cases." *Gilbert v. Ill. St. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983)).

Third, "Magistrate Kathleen Sullivan acted outside of her judicial jurisdiction" because she could not issue a final appealable order in his State criminal case. [DE 6 at 2.] This does not appear to be true. *See Johnson v. Johnson*, 882 N.E.2d 223, 225 (Ind. Ct. App. 2008) ("[A] magistrate presiding over a criminal trial may enter a final order[.]"). However, even if it were true, the proper remedy would have been to petition the Lake County Superior Court to enter a final appealable order – not to sue the Magistrate in federal court. Gibson alleged Magistrate Sullivan denied a letter which was construed to be a motion to correct erroneous sentence in his criminal case. He now argues that ruling was legally incorrect. As explained in the screening order, "A judge will not be deprived of immunity because the action he took was in error . . . <u>or was in excess of his authority</u>; rather, he will be subject to liability only when he has acted in the clear <u>absence of all jurisdiction</u>." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (emphasis added). Magistrate Sullivan's denial of a motion was not in the absence of all jurisdiction even if it was not a final appealable order.

Fourth, "Defendant's actions of impeding access to courts constitute a form of cruel and unusual punishment in addition to 1st and 14th Amendment violations." [DE 6 at 2.] Since cruel and unusual punishment is prohibited by the Eighth Amendment, this argument is that his denial of access to the courts claim arises under the First, Eighth, and Fourteenth Amendments. However, a claim "gains nothing by attracting additional constitutional labels." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005); *see also Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim). "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983). Nevertheless, without regard to which amendment is used to analyze the claim, Gibson was not denied access to the courts. His filing was received and ruled on by the State court. Not getting one's desired judicial ruling is not a denial of access – even if the ruling is for a procedural reason rather than a substantive one based on the merits of the claim.

Fifth, "No state court has ever ruled on the merits of plaintiff's sentencing errors." [DE 6 at 2.] Gibson wanted an order from this court requiring the State court to rule on the merits of his motion which was denied for procedural reasons. That desire is understandable, but as the screening order explained, the *Rooker-Feldman* doctrine does not permit a federal trial court to reverse the ruling of the State trial court which denied his motion for procedural reasons. *See Gilbert v. Ill. St. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010).

3

Sixth, "Plaintiff has a fundamental right to access the courts." [DE 6 at 2.] Again, Gibson was not denied access to the State courts. He sent a letter which was construed as a motion and denied for procedural reasons. If that ruling was incorrect, his remedy was to ask the State trial court to reconsider it or to appeal the ruling to the Court of Appeals of Indiana. This lawsuit suing the Magistrate and Deputy Prosecutor was (and is) meritless. To the extent Gibson wants a federal court to modify his State court conviction or sentence, habeas corpus is his sole federal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). He says he filed a habeas corpus petition, but it was dismissed as untimely. It is unclear why he waited too long, but the habeas statute of limitation was a legitimate procedural basis for denying his habeas corpus petition. It is unfortunate he has procedurally lost several means for challenging his sentence, but that does not make a civil rights lawsuit against the State Magistrate and Deputy Prosecutor a proper means of doing so.

Accordingly, the Rule 59(e) motion is **DENIED**.

**SO ORDERED** on July 14, 2022.

    s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT